UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kay R. Phernetton,

Plaintiff,

v.

Civ. No. 02-396 (JNE/JGL)
ORDER

First Revenue Assurance,

Defendant.

---

Peter F. Barry, Esq., The Barry Law Office, Ltd., appeared for Plaintiff Kay R. Phernetton.

Jill N. Brown, Esq., Morrison Fenske & Sund, P.A., appeared for Defendant First Revenue Assurance.

---

This case arises from First Revenue Assurance's (FRA) efforts to collect a debt owed by Kay Phernetton. Phernetton claims that FRA violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (2000) (FDCPA), when it directed him to send payment to a post-office box that had not been licensed by the Minnesota Department of Commerce (MDOC). The case is before the Court on FRA's motion for summary judgment and for reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). For the reasons given below, the Court grants the motion for summary judgment and denies the motion for attorneys' fees and costs.

## I. BACKGROUND

FRA is a collection agency whose main office is in Denver, Colorado. FRA also holds a post-office box in Seattle, Washington. In May 2001, the MDOC issued a collection-agency license allowing FRA to collect debts in Minnesota from its office in Denver. FRA did not obtain a license for its post-office box in Seattle.

FILED MAY 19 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED MAY 19 2003
DEPUTY CLERK'S INITIALS

In July 2001, a creditor assigned Phernetton's account to FRA for collection. That month, Phernetton received a letter from FRA demanding payment of the debt. The letter lists a post-office box in Denver as the return address, and instructs Phernetton to send any correspondence to that address. The letter also states in bold type that payments, and only payments, should be sent to FRA's post-office box in Seattle. Phernetton received a second letter containing the same information in August 2001, and a third in September 2001.

Phernetton brought this case against FRA in February 2002 pursuant to 15 U.S.C. § 1692k. Phernetton alleges that FRA carried on the business of collecting debts in Minnesota from its unlicensed post-office box in Seattle, in violation of a state statute requiring collection agencies to "procure a license for each place where the business is to be conducted." *See* Minn. Stat. § 332.33, subd. 3 (2002). He alleges further that, by directing him to send payments to the unlicensed post-office box, FRA violated the FDCPA. *See* 15 U.S.C. §§ 1692e (prohibiting debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt"), 1692f (prohibiting debt collectors from using "any unfair or unconscionable means to collect or attempt to collect any debt").

## II. DISCUSSION

### A. FRA's Motion for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

FRA's first argument in support of its motion is that it did not carry on the business of collecting debts from Seattle. Consequently, the argument continues, FRA did not violate Minn. Stat. § 332.33, and its letters directing Phernetton to send payments to its unlicensed post-office box in Seattle did not violate the FDCPA. In the alternative, FRA argues that, even if it did violate section 332.33, it did not violate the FDCPA.

Section 332.33 requires any person who "conduct[s] . . . a collection agency" in Minnesota or "engage[s] . . . in the business of collecting claims for others" in Minnesota to obtain a collection-agency license from the MDOC. *Id.*, subd. 1. The term "collection agency" generally refers to "any person engaged in the business of collection for others any account, bill or other indebtedness." Minn. Stat. § 332.31, subd. 3 (2002). "A licensee who desires to carry on business in more than one place [must] procure a license for each place where the business is to be conducted." Minn. Stat. § 332.33, subd. 3.

FRA had a collection-agency license for its office in Denver, but did not have a license for its post-office box in Seattle. It is undisputed that FRA did not maintain an office in Seattle and did not engage in any activity in Seattle.[1] The question presented, then, is whether a licensee

---

[1] Mail delivered to the post-office box was picked up and processed by U.S. Bank, N.A. U.S. Bank deposited payments retrieved from the post-office box into FRA's trust account and

who merely holds a post-office box carries on the business of collecting debts from the post-office box for purposes of section 332.33.

A recent case from this district held that section 332.33 did not apply to FRA's post-office box in Seattle because "FRA does not actually do anything at all at the Seattle address." *Carlson v. First Revenue Assurance*, Civ. No. 02-209, 2002 WL 31866305, at *2 (D. Minn. Dec. 19, 2002) (Frank, J.). The Court agrees with *Carlson* on this point. Although Minnesota law does not define what it means to carry on the business of collecting debts, two statutory provisions related to licensing lead to the conclusion that merely holding a post-office box does not suffice. The first provides that applicants for collection-agency licenses must furnish the MDOC with "a street address where the [applicant's] business is physically located." Minn. Stat. § 45.0112 (2002). A post-office box "is not sufficient to satisfy this requirement." *Id.* Given that the MDOC will not issue a collection-agency license for a post-office box, it would be illogical to conclude that FRA violated section 332.33 by holding an unlicensed post-office box. The second provision requires collection agencies to post their collection-agency licenses "in a conspicuous place in the office where the business is transacted." Minn. Stat. § 332.33, subd. 3. A post-office box is not an "office where . . . business is transacted." Furthermore, it would be extremely difficult, if not impossible, to conspicuously place a collection-agency license in a post-office box.

Based on these considerations, the Court concludes that a licensee who merely holds a post-office box does not carry on the business of collecting debts from the post-office box for purposes of section 332.33. Accordingly, Phernetton cannot establish that FRA violated section

---

sent data regarding the payments to FRA electronically at the end of each business day. U.S. Bank sent items other than payments to FRA by overnight package.

332.33, and his claim that FRA violated the FDCPA by directing him to send payments to the unlicensed post-office box fails as a matter of law.[2] In light of this conclusion, the Court need not consider whether a violation of section 332.33 necessarily constitutes a violation of the FDCPA.

**B. FRA's Motion for Reasonable Attorneys' Fees and Costs**

FRA seeks an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). The Court finds that Phernetton did not bring this case "in bad faith and for the purpose of harassment," and it therefore denies FRA's motion. *See id.*; *Crawford v. Credit Collection Servs.*, 898 F. Supp. 699, 703 (D.S.D. 1995).

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant FRA's motion for summary judgment [Docket No. 19] is GRANTED.

2. Defendant FRA's motion for reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) [Docket No. 19] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 19, 2003

JOAN N. ERICKSEN
United States District Judge

[2] In his memorandum, Phernetton requested leave to amend his Complaint to allege that, if FRA did not carry on the business of collecting debts from Seattle, then it violated the FDCPA by "falsely representing [in its collection letters to Phernetton] that it was doing business there." Phernetton's request does not satisfy the procedural requirements for a motion to amend pleadings. *See* D. Minn. R. 15.1. In addition, the Scheduling Order in this case provides that "all motions which seek to amend the pleadings . . . must be served by June 3, 2002."

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.